IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: _____ |
| v. | : | DATE FILED: _____ |
| MICHAEL BONDS | : | VIOLATIONS:<br>18 U.S.C. § 371 (conspiracy - 1 count)<br>18 U.S.C. § 1952 and 2 (Travel Act - 1 count)<br>Notice of forfeiture |
| | : | |

## INFORMATION

### COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times material to this Information:

1. Defendant MICHAEL BONDS was elected by the citizens of District 3 in Milwaukee, Wisconsin to serve on the Milwaukee Public School Board. Between April 2009 and April 2016, defendant BONDS served as the Board's president.

2. Company 1, an entity known to the United States Attorney, was a Philadelphia-based umbrella organization for several business entities that perform services related to education management, charter school operations and neighborhood development. The organization was split into two operating components, an education company and a real estate development company. The education side provided academic services and operations

management for schools affiliated with Company 1. Between 2012 and 2017, Company 1's education component maintained management agreements with multiple schools operating in Philadelphia, Pennsylvania and Milwaukee, Wisconsin to manage the schools' leadership teams, create the schools' budgets and administer the payroll process, and ensure financial reporting complied with various government entities. The main function of Company 1's real estate development component was to redevelop residential properties into affordable housing in South Central Philadelphia neighborhoods.

3. Executive 1, an individual known to the United States Attorney, was a resident of the Eastern District of Pennsylvania, and was a Philadelphia-based founding member of Company 1 who served as the President and Chief Executive Officer since the organization's inception. As the Chief Executive Officer, Executive 1 was primarily responsible for the day-to-day operations and oversaw both the education component and the real estate development arm of Company 1. Executive 1 was a Certified Public Accountant.

4. Executive 2, an individual known to the United States Attorney, was a resident of the Eastern District of Pennsylvania and was Company 1's Philadelphia-based Chief Financial Officer. In that capacity, Executive 2 was responsible for Company 1's overall financial and contract management.

5. In 2012, Company 1, at the direction of Executive 1, began negotiating with the Milwaukee Public Schools ("MPS") to expand Company 1's charter school operations to Milwaukee, Wisconsin.

6. On August 30, 2012, Company 1 was approved by the MPS Board to negotiate and draft a contract to create a subsidiary that would operate charter schools in

Milwaukee. On July 30, 2013, the MPS Board approved a five-year contract for Company 1's subsidiary to operate two charter schools beginning in the 2013-2014 school year. For the school year 2013-2014 and 2014-2015, Company 1's subsidiary received over $11,000,000.00 to operate the two campuses.

7. Company 1's Milwaukee charter school contract lost money almost immediately. Company 1's subsidiary did not have nearly enough revenue to cover the costs associated with operating their Milwaukee charter schools.

8. On September 16, 2014, MPS directed Company 1's subsidiary and Executive 2 to explain the operational deficit to MPS to remain in compliance with the charter school contract entered into in July 2013.

9. MPS remained concerned with the long-term viability of Company 1's subsidiary. On November 25, 2015, Executive 2 was again required to explain its operating deficit to MPS.

10. Despite the financial issues, Executive 1 pushed for an expansion of Company 1's charter school operations in Milwaukee throughout the fall and winter of 2014.

11. On or about March 25, 2016, Executive 2 alerted Executive 1 via email that the Director of Facilities and Management Services at MPS had stated to Executive 2 that the MPS Board might not approve a renegotiation of the terms of a lease between Company 1's education subsidiary in Milwaukee and the MPS. The proposed change in lease-terms placed before the MPS Board would have allowed Company 1's subsidiary to defer approximately $1,000,000 in lease payments to the MPS.

12. On or about March 26, 2016, Executive 1, using his cellular telephone,

forwarded the email from Executive 2 concerning the possibility of the MPS Board rejecting the modification in lease terms to defendant MICHAEL BONDS.

13. From in or about December of 2014 to in or about February of 2018 in the Eastern District of Pennsylvania, and elsewhere, defendant

**MICHAEL BONDS**

conspired and agreed together with Executive 1, Executive 2, and with others known and unknown to the United States Attorney, to:

a. Execute and attempt to execute, a scheme and artifice to defraud and to deprive the citizens of Milwaukee, Wisconsin of money, property, and their right to the honest services of defendant BONDS through bribery, and in furtherance of the scheme used interstate wires and transmitted and caused to be transmitted sounds and signals in interstate commerce (in violation of Title 18, United States Code, Sections 1343 and 1346);

b. Execute and attempt to execute, a scheme and artifice to defraud and to deprive the citizens of Milwaukee, Wisconsin of money, property, and their right to the honest services of defendant BONDS through bribery, and in furtherance of the scheme deposited and caused to be deposited to be sent and delivered by a private and commercial interstate carrier bribe payments in the form of checks disguised as payments for books (in violation of Title 18, United States Code, Sections 1341 and 1346);

c. To knowingly cause the concealing, covering up, falsification, and making of false entries in records, documents, and tangible objects, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, and in relation to and contemplation

of such matter and case (in violation of Title 18, United States Code, Sections 1519 and 2).

## PURPOSES OF THE CONSPIRACY

14. It was a purpose of the conspiracy to further and support the political and financial interests of defendant MICHAEL BONDS, Executive 1, Executive 2, and Company 1, and their coconspirators through fraudulent and corrupt means;

15. It was further a purpose of the conspiracy to expand the charter school operations of the subsidiary of Company 1 in Milwaukee, Wisconsin through bribery.

16. It was further a purpose of the conspiracy to renegotiate the terms of lease agreements between the charter school subsidiary of Company 1 and MPS and secure lease modifications to the benefit of Company 1 through bribery.

17. It was further a purpose of the conspiracy to conceal and protect the conspirators' activities from detection and prosecution by law enforcement officials as well as from exposure by the MPS School Board and the news media, through means that included falsification of documents, including invoices, and other documents and records.

## MANNER AND MEANS

18. The manner and means by which the defendant and his coconspirators agreed to conduct the affairs of the conspiracy included the following, among others:

    a. engaging in a bribery scheme in which defendant MICHAEL BONDS received a series of payments and things of value from Executive 1, Executive 2, and Company 1 in exchange for a series of official acts that defendant BONDS took on behalf of Executive 1, Executive 2, and Company 1.

   b. Disguising the bribes as payments for book sales from a company created by defendant BONDS called "African American Books and Gifts;"

   c. Relaying instructions regarding the official acts to be taken by defendant BONDS and also fake documents disguising the bribery payments via email, text messages, and cellular phones capable of interstate transmissions;

   d. creating sham invoices and false entries in books, records, and tax returns to disguise the bribery scheme;

   e. using a private commercial interstate carrier to transport bribe payments in the form of checks disguised as payments for books.

   f. concealing, withholding and failing to disclose to the MPS Board the payments BONDS received from Executive 1, Executive 2, and Company 1.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Pennsylvania and elsewhere:

   1. On or about December 9, 2014, defendant MICHAEL BONDS appeared at a subcommittee meeting of the MPS Board and personally advocated in support of the expansion sought by Executive 1 to include the opening of an additional campus by the charter school subsidiary of Company 1 in Milwaukee, Wisconsin.

   2. On or about December 11, 2014, defendant MICHAEL BONDS brought a motion before a subcommittee of the MPS Board supporting the lease of an MPS building sought by Executive 1, Executive 2, and Company 1 for the charter school subsidiary to house the

additional charter school campus awarded in the expansion.

3. On or about December 11, 2014, defendant MICHAEL BONDS voted in favor of the motion he introduced before the subcommittee regarding the additional charter school campus awarded in the expansion.

4. On or about December 18, 2014, defendant MICHAEL BONDS presided over a meeting of the full MPS Board at which the expansion of the charter school operations sought by Executive 1 was approved by the full MPS Board.

5. The next day, on or about December 19, 2014, the conspirators created a false invoice transmitted from Milwaukee, Wisconsin to Philadelphia, Pennsylvania via email that sought installment payments from Company 1 to defendant MICHAEL BONDS' company "African American Books and Gifts"

6. In response, on or about December 24, 2014, Executive 2 caused check #1962 to be issued to "African American Books and Gifts" in the amount of $2,000 from an operating account at Wells Fargo controlled by Executive 1, Executive 2, and Company 1.

7. Executive 2 caused check #1962 to be shipped via Federal Express from Philadelphia, Pennsylvania to Milwaukee, Wisconsin where it was ultimately received by defendant MICHAEL BONDS.

8. On or about January 21, 2015, for the second installment payment, Executive 1 wrote check #170 from his personal account to "African American Books and Gifts" for $3,000.00 and hand-delivered it to defendant MICHAEL BONDS in Milwaukee, Wisconsin.

9. On or about September 26, 2015, defendant MICHAEL BONDS and Executive 1 corresponded via email, and in that exchange, Executive 1 relayed instructions for

7

BONDS, crafted by Executive 1 and Executive 2, which included detailed figures and amounts for defendant BONDS to put before the MPS Board regarding lease deferments favorable to Company 1 and its Milwaukee subsidiary.

        10.    On or about April 19, 2016, at a subcommittee meeting of the MPS School Board, defendant MICHAEL BONDS motioned the Board for approval of new lease terms favorable to Executive 1, Executive 2, Company 1 and its charter school subsidiary in Milwaukee, Wisconsin, for the charter school campuses opened and operated at the direction of Executive 1.

        11.    On or about April 19, 2016, defendant MICHAEL BONDS voted in favor of the new lease terms - which deferred lease payments of approximately $1,000,000 owed by the charter school subsidiary of Company 1 – that defendant BONDS had introduced before the subcommittee of the MPS Board, which were then in turn recommended to the full MPS Board and ultimately approved.

        12.    Two days later, on or about April 21, 2016, the conspirators caused an email to be sent from Milwaukee, Wisconsin to Executive 1 and Executive 2 in Philadelphia, Pennsylvania. The email contained another fake invoice and a subject line "BondsBooks10.pdf" and sought payment to be transmitted via Federal Express.

13. On or about April 22, 2016, the conspirators caused check # 2212 in the amount of $1,000 to be issued to "African American Books and Gifts" from an operating account at Wells Fargo controlled by Executive 1, Executive 2, and Company 1. The check to defendant MICHAEL BONDS' company was shipped via Federal Express from Philadelphia, Pennsylvania to Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 12 and Overt Acts 1 through 13 of Count One are incorporated herein by reference.

2. The laws of the State of Wisconsin, specifically, Wis. Stat. § 946.10, provide that bribery is a violation of the laws of the State of Wisconsin.

3. On or about September 26, 2015, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL BONDS,**

aided and abetted by others, known and unknown to the United States Attorney, used a facility in interstate/foreign commerce, namely a cellular telephone, with the intent to further an unlawful activity, that is, bribery and extortion in violation of Wis. Stat. § 946.10 and 18 U.S.C §1951, and thereafter committed and attempted to commit the crimes of bribery and extortion to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 371 (conspiracy to commit honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346) set forth in this Information, defendant,

**MICHAEL BONDS**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to such property, including, but not limited to, the sum of $18,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

_Denise Wolf for_
JENNIFER A. WILLIAMS
FIRST ASSISTANT UNITED STATES ATTORNEY